IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| SHEILA SUMMERLIN SHAW, and HOYT SUMMERLIN, JR., | * * * | |
| Plaintiffs, | * * | CIVIL ACTION FILE |
| vs. | * * | NO. _____ |
| TERRY GRIFFIN, JARED CROSBY, AND ANTHONY BRAHNAM, all in their individual capacities, | * * * * | |
| Defendants. | * * | JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

### NATURE OF THE CASE

1.

This is a civil rights case.  The defendants (law enforcement officers) entered and searched the plaintiffs' residence without a search warrant and having no exigent circumstances.  After seizing the plaintiffs at gunpoint, one defendant intentionally assaulted one of the plaintiffs. These acts violated the Fourth Amendment.  The plaintiffs seek monetary damages, attorney's fees and costs, and a trial by jury.

### PARTIES

2.

Plaintiff Sheila Summerlin Shaw ("Shaw") is a resident of Lowndes County, Georgia.

3.

Plaintiff Hoyt Summerlin, Jr. ("Summerlin") is a resident of Lowndes County, Georgia.

4.

Defendant Terry Griffin is or was employed as a sergeant by the Brooks County Sheriff's Department. Sgt. Griffin is sued in his individual capacity. At all times relevant to this complaint, he acted under the color of law.

5.

Defendant Jared Crosby is or was employed as a deputy by the Brooks County Sheriff's Department. Crosby is sued in his individual capacity. At all times relevant to this complaint, he acted under the color of law.

6.

Defendant Anthony Brahnam is or was employed as a deputy by the Brooks County Sheriff's Department. Brahnam is sued in his individual capacity. At all times relevant to this complaint, he acted under the color of law.

VENUE

7.

All acts or omissions alleged in this complaint occurred in the Middle District of Georgia, where at least one defendant resides, and therefore venue is properly within this district under 28 U.S.C. § 1391(b)(2).

JURISDICTION

8.

Jurisdiction for this suit is conferred in part by 42 U.S.C. § 1983, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory, or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

9.

Under 28 U.S.C. §§ 1331 and 1343(a)(3)&(4), the Court can entertain an action to redress a deprivation of rights guaranteed by the United States Constitution, and the Court has jurisdiction under 28 U.S.C. § 1367 to hear an action to redress a deprivation of rights guaranteed by the laws and the Constitution of the State of Georgia.

10.

By letter dated February 18, 2022, the plaintiffs perfected an ante litem notice of their claims (detailed in this complaint) to Brooks County.  See O.C.G.A. § 36-11-1.

FACTS

11.

On April 12, 2021, Officer Jared Crosby received

information from an inmate (Richard Cook) that "Stephen Hoyt" had moved into Cook's residence at 74 Bay Meadow Drive without his permission, and that "Hoyt" was cooking meth and hiding it "out back in the yard."

12.

No effort was made Officer Crosby or the other defendants to corroborate the inmate's statement.  Nor did the defendants possess any information suggesting that the inmate was a reasonably trustworthy source.  (Officer Crosby later determined that this inmate simply had a rent-payment dispute with the people who were renting his home.)

13.

On April 13, at around 11:30 a.m., Hoyt Summerlin (then 61 years-old) and his sister Sheila Shaw (then 64 years-old) were at home (74 Bay Meadow Drive) when there was a knock on the front door.  Summerlin, who was dressed only in boxer briefs, cracked open the door to see who it was.  When he saw that it was not who he was expecting, Summerlin shut the door (even though Sgt. Griffin was pulling on the door), explaining that he would put clothes on and come back. Summerlin, who has an artificial hip has suffered a broken back and many other broken bones over his life, walked to his bedroom to put on some clothes.

14.

The defendants, who were not wearing uniforms (e.g., Sgt. Griffin was dressed in jeans and a t-shirt), did not identify themselves as law enforcement, nor did they display a warrant.

15.

One of the defendants went to the back of the home and began banging his gun on a bedroom window where Shaw was, ordering her to open the front door.  Another defendant had a shovel he found near the front steps and was trying to pry the front door open.

16.

When Summerlin returned and began opening the front door, one of the defendants grabbed the handle and pulled the door (out and) open.  Summerlin was pushed inside as all the defendants rushed into the home.

17.

Once inside, the defendants pointed their guns at Summerlin.  Sgt. Griffin slammed Summerlin's head on the coffee table.

18.

Another defendant lead Shaw at gunpoint from her bedroom to the living room and ordered her to sit on the couch.  When Shaw asked for permission to use the bathroom,

the deputies refused.  Visibly frightened and unable to control her bladder, Shaw urinated on herself.

19.

Over the next hour, the defendants searched the home and did not find any illegal drugs or contraband.

20.

As the defendants were leaving, Sgt. Griffin remarked "I'll be back and I will get you, Hoyt."

Count 1

42 U.S.C. § 1983: Unreasonable Search and Seizure

in violation of the Fourth Amendment

(All Defendants)

21.

The plaintiffs incorporate paragraphs 1 through 20 here by this reference.

22.

Based upon their experience, knowledge and training as a law enforcement officers, the defendants knew or should have known that a search and seizure inside a home without a warrant or exigency is presumptively unreasonable under the Fourth Amendment.

23.

An objectively reasonable law enforcement officer in the defendants' position would have known that they did not

have a search warrant for the plaintiffs' residence when they entered the house, nor did they have arguable probable cause to believe that a crime was taking place at the plaintiffs' home.

24.

At all times relevant to this action, the law was established with obvious clarity that the following acts and omissions violate the Fourth Amendment to the United States Constitution: (a) entering a home without a warrant (or probable cause) or exigent circumstances; and (b) failing to immediately end the search and retreat from the home once it is learned that the entry was unlawful.

25.

As a direct and proximate cause of the defendants' acts and omissions, the plaintiffs' residence was unlawfully entered and unreasonably searched and the plaintiffs were unreasonably seized against their will, entitling them to compensatory and punitive damages in an amount to be determined by the enlightened conscience of the jury.

Count 2

42 U.S.C. § 1983: Unreasonable and Excessive Force

in violation of the Fourth Amendment

(Defendant Griffin)

26.

The plaintiffs incorporate paragraphs 1 through 20 here by this reference.

27.

Griffin used a significant amount of force against Summerlin when he offered no resistance and posed no threat.

28.

There was no need for Griffin to apply any force, let alone slam Summerlin's head on a table.

29.

Summerlin sustained substantial physical injuries.

30.

Griffin's force was not applied in good faith; instead it was rendered maliciously and sadistically.

31.

As a direct and proximate cause of the Griffin's acts, Summerlin was injured, entitling him to compensatory and punitive damages in an amount to be determined by the enlightened conscience of the jury.

<u>Count 3</u>

<u>O.C.G.A § 51-7-20: False Imprisonment</u>

(All Defendants)

32.

The plaintiffs incorporate paragraphs 1 through 20 here

by this reference.

33.

The defendants unlawfully detained the plaintiffs against their will, depriving them of personal liberty.

34.

The detention of the plaintiffs was unlawful because it was not predicated on any process and no exigent circumstances existed to justify the defendants' conduct.

35.

As a result of this unlawful detention, the plaintiffs have suffered emotional, mental and financial injury, entitling them to recover compensatory and punitive damages against the defendants for the loss of their rights under this claim, in an amount to be determined by the enlightened conscience of the jury.

Count 4

O.C.G.A. § 51-1-13: Battery

(Defendant Griffin)

36.

The plaintiffs incorporate paragraphs 1 through 20 here by this reference.

37.

These acts committed by Griffin were without Summerlin's consent and were harmful and insulting.

38.

As a proximate result of Griffin's conduct, Summerlin suffered mental pain, anguish and wounded feelings, entitling him to recover compensatory and punitive damages against Griffin in an amount to be determined by the enlightened conscience of the jury.

<u>Count 5</u>

<u>O.C.G.A. § 51-9-1: Trespass</u>

(All Defendants)

39.

The plaintiffs incorporate paragraphs 1 through 20 here by this reference.

40.

The plaintiffs had a right of enjoyment in their property, and the defendants unlawfully interfered with this enjoyment without probable cause and with malice.

41.

As a proximate result of the defendants' conduct, the plaintiffs suffered damages, entitling them to recover compensatory and punitive damages against the defendants in an amount to be determined by the enlightened conscience of the jury.

## Count 6

### O.C.G.A. § 51-12-5.1: Punitive Damages

(All Defendants)

42.

The plaintiffs incorporate paragraphs 1 through 20 here by this reference.

43.

The defendants' actions described in this complaint were willful and intentional misconduct, malice, wantonness, oppression or, at the very least, displayed a want of care showing a conscious indifference to consequences as contemplated under O.C.G.A. § 51-12-5.1.

## Count 7

### O.C.G.A. § 13-6-11: Attorney's Fees

(All Defendants)

44.

The plaintiffs incorporate paragraphs 1 through 20 here by this reference.

45.

By their acts and omissions specified above, as well as other conduct, the defendants have acted in bad faith, been stubbornly litigious and caused the plaintiffs unnecessary trouble and expense.

46.

As a result of the defendants' actions, the plaintiffs are entitled to recover their actual expenses of litigation, including attorney's fees, from the defendants.

WHEREFORE, the plaintiffs respectfully request the following relief:

(a)   That as to Counts 1, 2, 3, 4, 5 and 6, the Court award the plaintiffs damages against the defendants in an amount to be determined by the enlightened conscience of an impartial jury;

(b)   That as to Count 7, the Court grant the plaintiffs their reasonable costs and attorney's fees in bringing this action in an amount to be determined at trial;

(c)   That the plaintiffs be granted a trial by jury on all issues so triable; and

(d)   That the plaintiffs be granted such other and further relief as this Court deems just and proper.

Respectfully submitted,

BY:/s/ Cary S. Wiggins
Cary S. Wiggins
Ga. Bar No. 757657

WIGGINS LAW GROUP, LLC
Suite 401
260 Peachtree Street, NW
Atlanta, Georgia 30303
Telephone:  (404) 659-2880
cary@wigginslawgroup.com